MARY'S OPINION HEADING 




 NO. 12-01-00087-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




MARVIN (A.J.) JACK AND WIFE

KATHY BAILEY,
§
 APPEAL FROM THE SECOND

APPELLANTS


V.
§
 JUDICIAL DISTRICT COURT OF


MAXWELL LUMBER COMPANY,

JAMES R. TARRANT, SR., §
 CHEROKEE COUNTY, TEXAS

INDIVIDUALLY AND D/B/A 

TARRANT RANCH

APPELLEES





PER CURIAM


 This appeal is being dismissed for want of prosecution. Tex. R. App. P. 42.3(b). Appellants
perfected their appeal on March 23, 2001. Thereafter, the record was filed on August 14, 2001,
making Appellant's brief due on or before September 13, 2001. By way of a request for extension,
this deadline was extended to October 29, 2001. When Appellants failed to file their brief within
the required time, this Court notified them on November 6, 2001, that the brief was past due, and
it warned that if no response reasonably explaining the delay was received by November 16, 2001,
the appeal would be dismissed for want of prosecution under Tex. R. App. P. 42.3(c) and 38.8(a)(1).

 On November 19, 2001, Appellants filed a Motion to Suspend the Rules Pursuant to Tex.
R. App. P. 2, but did not file a brief. In this motion, Appellants contend, primarily, that they are
unable to file a brief because their attorney has withdrawn from the case and they have been unable
to find an attorney to represent them. While Appellants rely on their inability to obtain legal
representation as an explanation for their failure to file a brief, they have not reasonably explained
their failure to file a brief pro se. 

 With regard to the preparation of a pro se brief, Appellant, Kathy Bailey ("Bailey"), asserts
that she has been unable to prepare a brief due to other demands on her time and energy, including
the care of her husband, Appellant Marvin (A.J.) Jack, who is disabled. She also asserts that her
husband has recently left their home and that his departure has contributed to her inability to prepare
a brief. Although we sympathize with Bailey's difficulties in preparing a brief, her explanation does
not reasonably explain her failure to file a brief now that two and one-half months have passed since
the brief was originally due. We conclude that Appellants' motion to suspend the rules is an
insufficient explanation of their failure to file a brief. 

 As of November 28, 2001, Appellant has failed to tender a brief. Because Appellants have
failed to file a brief within the time proscribed and because they have failed to reasonably explain
their failure to do so, Appellants' Motion to Suspend the Rules Pursuant to Tex. R. App. P. 2 is
overruled and their appeal is dismissed for want of prosecution pursuant to Tex. R. App. P. 
38.8(a)(1) and 42.3.(b).


Opinion delivered November 30, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.



(DO NOT PUBLISH)